UNITED STATES of America for the use and benefit of TAJ BUILDING CONSTRUCTION CORP., Plaintiff–Counterclaim–Defendant–Appellee,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant–Counterclaimant–Appellant,

Northeast Energy Services, Inc.,
Defendant–Third–Party–
Plaintiff–Appellant,

v.

Fidelity & Deposit Company of
Maryland, Third–Party–
Defendant–Appellee.

Docket No. 01–7749.

United States Court of Appeals,
Second Circuit.

June 14, 2002.

Victor Olds, Holland & Knight, N.Y., N.Y., for Appellants.

Melvin J. Kalish, Mineola, N.Y., for Appellees.

Present KEARSE, SACK and B.D. PARKER, Jr., Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant-counterclaimant United States Fidelity & Guaranty Company and defendant-third-party-plaintiff Northeast Energy Services, Inc. (collectively "NORESCO"), appeal from so much of a judgment of the United States District Court for the Eastern District of New York, Denis R. Hurley, *Judge,* as confirmed an arbitration award in favor of plaintiff-counterclaim-defendant Taj Building Construction Corp. ("Taj") and denied NORESCO's motion to vacate the award. On appeal, NORESCO argues principally that the district court erred in failing to vacate the award because (1) the arbitrator should have resolved NORESCO's claim against Taj for indemnification or should have postponed the arbitration until the issues underlying the indemnification claim could be resolved; and (2) the arbitrator failed to compel Taj to produce certain documents with respect to NORESCO's argument on damages. Finding no basis for reversal, we affirm.

"In reviewing a district court's confirmation of an arbitral award, we review legal issues *de novo* and findings of fact for clear error." *Pike v. Freeman,* 266 F.3d 78, 86 (2d Cir.2001). "Federal court review of an arbitral judgment is highly deferential; such judgments are to be reversed only where the arbitrators have exceeded their authority or made a finding in manifest disregard of the law." *Id.* "Federal courts may vacate an arbitration award only in limited circumstances as proscribed [*sic*] by section 10(a) of the [Federal Arbitration] Act, 9 U.S.C. § 10(a)." *Tempo Shain Corp. v. Bertek, Inc.,* 120 F.3d 16, 19 (2d Cir.1997). These include circumstances "[w]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). NORESCO has pointed us to no evidence of misconduct here, nor to any other ground for disturbing the arbitrator's award.

We see no basis on which to conclude that the arbitrator was required to resolve NORESCO's indemnification claim, given

476

that that claim was dependent, in part, on the outcome of proceedings before the United States Department of Labor that had not yet been concluded. NORESCO has not shown that its indemnification claim was not severable from the arbitrable claim of Taj; and the district court granted NORESCO's request for clarification that the arbitration award in fact does not resolve the claim for indemnification. Nor can we see that NORESCO showed cause for postponing the arbitration hearing.

NORESCO's contention that we should vacate the award because the arbitrator did not compel Taj to produce "essential" documents, including subcontracts, invoices, and certain records, is no more persuasive. NORESCO has given no satisfactory explanation, either here or in the district court, as to why the documents were material to Taj's claim, or what arguments NORESCO might have made if it had possessed the documents that it could not make without the documents.

We have considered all of NORESCO's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.